Filed 9/15/25  P. v. Sandoval CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B341753 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA147144) |
| v. | |
| FRANK SANDOVAL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hector Gutierrez, Judge.  Reversed and remanded.

Jennifer Peabody and Keilana Truong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle, Marc A. Kohm, and Roberta L. Davis, Deputy Attorneys General for Plaintiff and Respondent.

————————————

Frank Sandoval appeals the trial court's order denying his petition for vacatur of his attempted murder conviction and resentencing under Penal Code section 1172.6.[1]  The trial court found Sandoval prima facie ineligible for relief because Sandoval pleaded guilty to attempted murder in 2019, after the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437).  The trial court concluded that, because Senate Bill 1437 had abrogated the natural and probable consequences theory of attempted murder before his plea, Sandoval could not have been convicted under that theory of liability.

Sandoval contends that, despite its intent that Senate Bill 1437 apply to attempted murder convictions, the Legislature did not clarify that it had abrogated natural and probable consequences attempted murder until it promulgated Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551) (Senate Bill 775), several years after his conviction.  In the interim, the District Attorney's Office had taken the position that defendants could still be prosecuted for attempted murder under the natural and probable consequences doctrine, and the Courts of Appeal were divided on the issue.  Sandoval asserts that, when he pleaded guilty he could still have been prosecuted under that now-invalid theory.  The People concede the issue and agree that because nothing in the record precludes Sandoval from prima facie eligibility the court's order must be reversed and the matter remanded.

---

[1] All further statutory references are to the Penal Code.

We reverse the trial court's order and remand for further proceedings pursuant to section 1172.6, subdivision (d)(3).

## PROCEDURAL HISTORY

### A. *Plea*

Sandoval was charged with two counts of attempted murder (§§ 187, 664, counts 1 and 2), one count of shooting at an inhabited dwelling (§ 246, count 3), and one count of attempting to dissuade a witness (§ 136.1, count 4). It was alleged that all of the offenses were gang-related (§ 186.22, subd. (b)(4)), and that Sandoval had suffered a prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

A preliminary hearing was set for September 16, 2019, but did not take place; Sandoval instead pleaded no contest to one count of attempted murder and admitted the prior strike allegation. Sandoval did not stipulate to any specific facts in connection with the plea or make any factual admissions at the plea colloquy. The trial court sentenced Sandoval to a determinate term of 14 years in prison.

### B. *Section 1172.6 Proceedings*

On October 24, 2022, Sandoval, in pro. per., filed a petition for resentencing pursuant to section 1172.6 using a standard form.

The People filed an opposition to the petition on June 13, 2023,[2] arguing that at the time of Sandoval's plea he could not have been convicted of attempted murder under the now-invalid natural and probable consequences doctrine. Effective January 1, 2019, Senate Bill 1437 amended section 188 to abrogate natural and probable consequences murder and to ensure that to be convicted of murder a principal must act with malice aforethought, with exceptions not relevant in Sandoval's case. These changes applied to attempted murder as well as murder. Because Sandoval could not have been convicted of attempted murder under the natural and probable consequences doctrine he was ineligible for relief.

On January 16, 2024, Sandoval, through counsel, filed a reply to the opposition. Sandoval argued that at the prima facie stage of proceedings the trial court could not evaluate whether Sandoval was entitled for relief without engaging in factfinding, so an evidentiary hearing was required.

At the prima facie eligibility hearing on October 24, 2024, defense counsel argued that the People's current position—that natural and probable consequences attempted murder was invalidated on January 1, 2019, when Senate Bill 1437 became effective—was in direct contradiction with the position the People took at the time Sandoval entered his plea. At the time of the plea, the People regularly argued in their cases and pleadings that attempted murder under the natural and probable consequences doctrine remained a valid theory even after the enactment of Senate Bill 1437. Accordingly, it was impossible to preclude that Sandoval entered into his plea based on the belief

---

[2] The People filed an identical opposition on May 24, 2023.

4

that Senate Bill 1437 would not prevent his conviction based on a natural and probable consequences theory. Sandoval was therefore entitled to an evidentiary hearing.

The People argued at the prima facie eligibility hearing that defense counsel was confusing two concepts—whether a defendant could be convicted of natural and probable consequences attempted murder and whether a defendant could petition for resentencing pursuant to section 1172.6 if his conviction was for natural and probable consequences attempted murder. From January 1, 2019, onward, a defendant could not be convicted of natural and probable consequences attempted murder. The Legislature did not make amendments to sections 188 and 189, which govern the crimes of both murder and attempted murder, after Senate Bill 1437. The amendments effected by Senate Bill 775 as of January 1, 2022, solely applied to the resentencing procedures set forth in section 1172.6. Senate Bill 775 clarified that resentencing applied to defendants convicted of attempted murder under the natural and probable consequences doctrine as well as to persons convicted of murder under that theory. It was therefore legally impossible for Sandoval to have been prosecuted under the now-invalid natural and probable consequences theory of attempted murder.

Defense counsel responded that the People's current position was contrary to the position the People took at the time of Sandoval's plea. It was only later that case law discussed whether attempted murder required malice following Senate Bill 1437's amendments to sections 188 and 189.

Relying on *People v. Reyes* (2023) 97 Cal.App.5th 292, the court found that the amendments Senate Bill 1437 made to section 188 became effective on January 1, 2019. Because

5

Sandoval pleaded no contest after the date the law went into effect, the court ruled he was ineligible for relief under section 1172.6.

## DISCUSSION

Prior to January 1, 2019, a defendant could be convicted of attempted murder under the theory that the defendant aided and abetted a crime of which attempted murder was a natural and probable consequence. (See *People v. Chiu* (2014) 59 Cal.4th 155, 161 [discussing natural and probable consequences liability generally]; see also § 31.) It was not necessary to prove that the defendant intended that the attempted murder be committed or even that the defendant subjectively foresaw that attempted murder could result. (See *Chiu*, at pp. 161–162.)

In 2019, the Legislature, through Senate Bill 1437, amended section 188 to require, with certain exceptions under the felony-murder rule, that a defendant act with malice to be convicted of murder. (§ 188, subd. (a)(3).)

Senate Bill 1437 also added former section 1170.95 (now § 1172.6), which set forth the procedure by which a "person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts[.]" (former § 1170.95, subd. (a).) Pursuant to section 1172.6, subdivision (c), the court determines whether a petitioner has made a prima facie showing that he or she is entitled to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960.) If the showing is made, the court issues an order to show cause, and

holds an evidentiary hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced . . . ." (§ 1172.6, subds. (c) & (d).)

Neither former section 1170.95 nor the amendments to section 188 expressly stated that the changes effected by Senate Bill 1437 also applied to attempted murder. After it was enacted, the People took the position that neither the new legislation nor the amendments to section 188 abrogated the natural and probable consequences theory of attempted murder. Instead, the People contended that the natural and probable consequences doctrine remained a viable theory of liability of attempted murder. Therefore, the People argued defendants convicted of attempted murder under the natural and probable consequences theory were not eligible for resentencing under former section 1170.95.

The first Court of Appeal to address whether the amendments to section 188 abrogated the natural and probable consequences theory of attempted murder, *People v. Lopez* (2019) 252 Cal.Rptr.3d 33, cause transferred and opinion not citable (Cal. 2021) 498 P.3d 88 (*Lopez*), was filed on August 21, 2019, about one month before Sandoval pleaded no contest to attempted murder. *Lopez* held that the natural and probable consequences theory of attempted murder had been abrogated by the amendments to section 188. (*Id*. at p. 37.) The second case to address the issue, *People v. Munoz* (2019) 252 Cal.Rptr.3d 456, cause transferred and opinion not citable (Cal. 2022) 288 Cal.Rptr.3d 597 (*Munoz*), agreed with *Lopez*. (*Id*. at p. 470.) *Munoz* was also filed before Sandoval pleaded no contest, on

7

September 6, 2019.[3]  However, the Courts of Appeal ultimately divided on the issue.  *People v. Medrano* (2019) 256 Cal.Rptr.3d 200, 208–211, cause transferred and opinion not citable (Cal. 2022) 289 Cal.Rptr.3d 296, the first opinion to hold that the changes to section 188 abrogated the natural and probable consequences theory of attempted murder, was filed on December 3, 2019, about three months after Sandoval pleaded no contest.

The split among the courts of appeal was not resolved until the Legislature promulgated Senate Bill 775, and it was signed by the Governor on October 5, 2021.  Senate Bill 775 "[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Uncodified § 1, subd. (a).)

From the foregoing it is clear, as the parties to the instant appeal now agree, that at the time Sandoval pleaded no contest, he could have been convicted of attempted murder under the natural and probable consequences doctrine, although the Legislature abrogated that theory through the amendments made to section 188 on January 1, 2019.  *People v. Reyes, supra*, 97 Cal.App.5th 292, upon which the trial court relied, is inapposite.  *Reyes* involved a defendant convicted of murder after January 1, 2019.  There has never been any confusion about whether the amendments to section 188 apply to murder.

---

[3] *Munoz* also held that the resentencing procedures set forth in former section 1170.95 did not apply to attempted murder.  (*Munoz*, at pp. 470–475.)

We agree with the parties that nothing in the record of conviction renders Sandoval ineligible for relief as a matter of law. We therefore reverse the trial court's order, and remand the matter for further proceedings pursuant to section 1172.6, subdivision (d)(3).

## DISPOSITION

We reverse the trial court's order and remand the matter for further proceedings pursuant to section 1172.6, subdivision (d)(3).

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


BAKER, J.

9